1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE BROWNLEE,

11            Plaintiff,                    No. CIV S-04-1330 DFL PAN P

12        vs.

13   J. BURLESON, et al.,                   ORDER AND

14            Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff claims that defendants violated his rights under the Eighth

18   Amendment by acting with deliberate indifference to his serious medical needs when they failed

19   to provide him with adequate medical care for his degenerative disc disease or transfer him to a

20   medical facility.  This matter is before the court on defendants' motion for summary judgment.

21            SUMMARY JUDGMENT STANDARDS UNDER RULE 56

22            Summary judgment is appropriate when it is demonstrated that there exists "no

23   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

24   matter of law."  Fed. R. Civ. P. 56(c).

25   /////

26   /////

1

Under summary judgment practice, the moving party

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

2

1   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2   1436 (9th Cir. 1987).

3            In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9   committee's note on 1963 amendments).

10           In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22           On December 22, 2004, the court advised plaintiff of the requirements for

23  opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

24  Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and

25  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26  /////

ANALYSIS

I. <u>Facts</u>[1]

At all times relevant to this action plaintiff has been an inmate at the Correctional Training Facility in Soledad Prison (CTF-Soledad), defendants Drs. Grewal and Rosenthal were employed by the California Department of Corrections and Rehabilitation (CDCR) as physicians. Defendant Dr. Friedman was the Chief Medical Officer at CTF-Soledad; defendant Burleson was an Appeals Examiner at the Inmate Appeals Branch; defendant Grannis was Chief of Inmate Appeals, and defendant Brown was the Chief Deputy Warden and acting Warden at CTF-Soledad.

In 2001, plaintiff injured his back during an altercation.  The altercation caused plaintiff to suffer chronic lower back pain.  (Defendants' Separate Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment (DUF), filed January 27, 2006, ¶ 12, 26.)  On January 30, 2004, defendant Grewal examined plaintiff regarding plaintiff's complaint of lower back pain.  (Declaration of Inderjit Grewal (Grewal Decl.), attached as Exhibit 6 of DUF, ¶ 6.)  At this time, plaintiff's medical records contained an MRI of plaintiff's lumbar spine, dated in November 2002, which showed disc disease at L5-S1 level.  (<u>Id</u>.)  Defendant Grewal diagnosed plaintiff with degenerative disc disease in his lumbar spine at L5-S1 level.  (<u>Id</u>. at ¶ 7.)  Based on this diagnosis, defendant Grewal ordered that plaintiff be housed in a lower bunk tier for one year, that plaintiff use a cane for six months, and that plaintiff follow up with defendant Rosenthal, a Doctor of Osteopathy.  Defendant Grewal also prescribed medications to relieve pain and inflammation.  (<u>Id</u>. at ¶ 8.)

On February 5, 2004 plaintiff filed a CDC Form 1824 for reasonable modification or accommodation request, in which plaintiff requested to be transferred to a medical department

/////

---

[1] Except as otherwise noted, these facts are not in dispute.

1   because of the pain that he was experiencing.  (Plaintiff's Declaration in Support of Plaintiff's

2   Opposition to Defendants' Motion for Summary Judgment (PDOSJ), filed February 16, ¶ 4.)

3          Defendant Rosenthal examined plaintiff on February 19, 2004 and, after

4   reviewing plaintiff's records, he diagnosed plaintiff with degenerative disc disease at L3-L5

5   right.  (Declaration of Alan Rosenthal (Rosenthal Decl.), attached as Exhibit 7 to DUF, ¶ 6.) At

6   this time defendant Rosenthal prescribed various medications for pain, ordered an orthopedic

7   foot insert, and issued plaintiff a non "heat alert" chrono as plaintiff could not be in weather over

8   100 degrees because of his medications.  Defendant Rosenthal further ordered that plaintiff

9   follow up with him on March 25, 2004.  (Id. at ¶ 9.)  On March 4, 2004, defendant Rosenthal

10   continued plaintiff's prescription for one of the medications.  (Id. at ¶ 10.)

11          On March 8, 2004, defendant Rosenthal reviewed and denied plaintiff's February

12   5, 2004 transfer request.  (Id. at ¶ 13.)  Plaintiff filed an appeal for his transfer request to be

13   reviewed at the second level.

14          Defendant Rosenthal met with plaintiff again on March 18, 2004, at which time

15   plaintiff was still complaining of pain in his lower back and legs.  Plaintiff additionally stated

16   that he was suffering from side effects from one of the medications, including nausea and

17   dizziness.  Defendant Rosenthal again assessed plaintiff to have degenerative disc disease at L3-

18   L5 right, prescribed additional medications for pain and nausea, and ordered that plaintiff be

19   housed in low bunk, low tier housing.  He further ordered plaintiff to follow up with him in

20   approximately two weeks.  (Id. at ¶ 11-12.)

21          On April 7, 2004, defendant Friedman, conducted the second level review for

22   plaintiff's transfer request and denied the appeal.  Defendant Friedman informed plaintiff that

23   defendant Rosenthal would continue his care and that his condition did not qualify him for ADA

24   consideration at that time.  (Declaration of Michael Friedman (Friedman Decl.), attached as

25   Exhibit 8 to DUF, ¶ 6-7.)  Plaintiff appealed this decision to the Inmate Appeals Branch for the

26   CDCR.

1    When plaintiff's back pain persisted, defendant Rosenthal conducted additional

2  tests on April 8, 2004, and diagnosed plaintiff with a non-responding lumbar disc at L5-S1.  (Id.

3  at ¶ 14.)  Based on this diagnosis, defendant Rosenthal ordered plaintiff a three-day lay in not to

4  attend his job, issued a work limitation chrono, and requested approval for an MRI from the

5  Medical Authorization Review (MAR) Committee.  (Id. at ¶ 15.)  Defendant Rosenthal

6  additionally completed both a "Physical Limitations" form, restricting plaintiff's movement for a

7  period of one year, and an "Inmate/Parolee Disability Form," on which he noted that plaintiff's

8  disability did not affect placement but that plaintiff was permanently mobility impaired.  (Id. at ¶

9  16-17.)

10    On April 12, 2004, defendant Rosenthal noted that plaintiff's MRI had been

11  approved and he completed a "Healthcare services physician request for services" form for

12  plaintiff's MRI.  Plaintiff's MRI of his lumbar spine was conducted on May 20, 2004.  The

13  radiology report from the MRI showed degenerative osteoarthicic changes at L4-L5 and L5-S1.

14    Defendant Burleson was the Appeals Examiner assigned to review plaintiff's

15  appeal at the Inmate Appeals Branch, under the supervision of defendant Grannis, Chief of

16  Inmate Appeals.  (DUF ¶ 101-02.)  On June 2, 2004, defendants Burleson and Grannis conducted

17  the director level review of plaintiff's appeal regarding his request to be transferred to a medical

18  facility and denied this appeal.  (Declaration of J. Burleson (Burleson Decl.), attached as Exhibit

19  8 to DUF, ¶ 4, 7.)

20  II.  Plaintiff's Claims

21    Plaintiff contends that defendants acted with deliberate indifference to his medical

22  needs in violation of the Eighth Amendment and Article I of the California Constitution, Section

23  17, containing similar provisions, when they failed to provide adequate care for his back injury

24  /////

25  /////

26  /////

6

1   and denied his request to transfer to a medical facility.[2]  Defendants seek summary judgement on

2   the grounds that none of them was deliberately indifferent to plaintiff's medical needs.[3]

3        A. Eighth Amendment

4        In order to prevail on his Eighth Amendment claim plaintiff must prove that he

5   had a "serious medical need" and that defendants acted with "deliberate indifference" to that

6   need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to

7   treat a prisoner's condition could result in further significant injury or the 'unnecessary and

8   wanton infliction of pain'."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting

9   Estelle, 429 U.S. at 104, 97 S.Ct. 285).  Deliberate indifference is proved by evidence that a

10  prison official "knows of and disregards an excessive risk to inmate health or safety; the official

11  must both be aware of the facts from which the inference could be drawn that a substantial risk of

12  serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

13  (1994).  Mere negligence is insufficient for Eighth Amendment liability.  See Frost v. Agnos, 152

14  F.3d 1124, 1128 (9th Cir. 1998).

15       Whether a defendant had requisite knowledge of a substantial risk is a question of

16  fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact

17  that the risk was obvious.  See Farmer, 511 U.S. at 842.  While the obviousness of the risk is not

---

19     [2] In his declaration in opposition of summary judgment, plaintiff appears to raise
20  additional claims regarding the treatment for his back after his surgery on October 27, 2004.
    (PDOSJ ¶ 16-27; Exhibit 7 to PDOSJ, at 4.)  These claims were not included in plaintiff's
    original complaint, filed on July 12, 2004.  Plaintiff has not requested leave to amend his
21  complaint, and defendants have not consented to litigate these additional claims.  (See
    Defendants' Objection to Evidence in Support of Defendants' Motion for Summary Judgment
22  (DOE), filed February 27, 2006.)  Therefore, the court will not address plaintiff's additional
    claims at this time.

24     [3] Defendants have filed two motions to strike pleadings filed by plaintiff on February 16,
    2006, and March 7, 2006, as well as objections to evidence tendered in support of plaintiff's
25  opposition.  Several of the objections are interposed against evidence of events that occurred
    after the date on which plaintiff filed his complaint.  Those events are not at issue in this action.
    See footnote 2, supra.  Defendants' objections as to said evidence is sustained.  Defendants' other
26  objections are overruled and their motions to strike will be denied.

1   conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely

2   refused to verify underlying facts or declined to confirm inferences that he strongly suspected to

3   be true.  See Id.  Deliberate indifference specifically to medical needs "may be shown by

4   circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually

5   knew of a risk of harm."  Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

6           A supervisory official can be held liable for his "own culpable action or inaction

7   in the training, supervision, or control of his subordinates," for his "acquiesce[nce] in the

8   constitutional deprivations of which [the] complaint is made," or for conduct that showed a

9   "reckless or callous indifference to the rights of others."  See Larez v. City of Los Angeles, 946

10  F.2d 630, 646 (9th Cir. 1991) (citing Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987),

11  Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988), and Bordanaro v. McLeod, 871 F.2d

12  1151, 1153 (1st Cir. 1989))

13          "Prison officials are deliberately indifferent to a prisoner's serious medical needs

14  when they deny, delay, or intentionally interfere with medical treatment."  Hallett v. Morgan, 296

15  F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).  However, delay

16  in providing medical treatment to a prisoner does not constitute deliberate indifference unless the

17  delay causes substantial harm.  See Shapely v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404

18  (9th Cir. 1985).  Additionally, "a plaintiff's showing of nothing more than 'a difference of

19  medical opinion' as to the need to pursue one course of treatment over another [is] insufficient,

20  as a matter of law, to establish deliberate indifference."  Jackson v. McIntosh, 90 F.3d 330, 332

21  (9th Cir. 1996) (as amended) (1996).

22          1. Defendant Brown

23          Plaintiff contends that defendant Brown was deliberately indifferent to his

24  medical needs because she was aware of his medical needs, due to her position as acting warden

25  of CTF-Soledad, and failed to respond to his medical needs.  Defendant Brown contends that she

26  never received any communications regarding plaintiff's medical care, nor participated or

8

1   directed any person regarding plaintiff's medical care.  Plaintiff's claim against defendant Brown

2   is based on her supervisory position at the prison.  However, plaintiff provides no admissible

3   evidence that defendant Brown was ever subjectively aware of his injury, his back pain, or his

4   requests for accommodation, nor that defendant Brown's conduct ever displayed a reckless or

5   callous indifference to his medical needs.[4]  Defendant Brown is, therefore, entitled to summary

6   judgment on plaintiff's Eighth Amendment claim.

7           2. Defendant Grewal

8           Plaintiff contends that defendant Grewal was deliberately indifferent to his

9   medical needs because defendant Grewal examined him regarding his chronic lower back pain,

10  and did "nothing."  It is undisputed that defendant Grewal was subjectively aware of plaintiff's

11  back pain and degenerative disc disease.  Defendant Grewal contends that he provided plaintiff

12  with appropriate medical care based on his diagnosis.

13          The undisputed evidence shows that defendant Grewal ordered low bunk housing

14  for plaintiff, prescribed medication, and ordered follow up with an orthopedic specialist.

15  Plaintiff's evidence is insufficient to demonstrate that defendant Grewal's decisions regarding his

16  medical treatment were based on deliberate indifference to his back pain or degenerative disc

17  disease.  Plaintiff's claim against defendant Grewal is nothing more than plaintiff's personal

18  disagreement with defendant Grewal's treatment of his back injury, which does not establish

19  deliberate indifference under section 1983.  See Jackson, 90 F.3d at 332.  Defendant Grewal is,

20  therefore entitled to summary judgment on plaintiff's Eighth Amendment claim.

21          3. Defendant Rosenthal

22          Plaintiff contends that defendant Rosenthal was deliberately indifference to his

23  medical needs because defendant Rosenthal examined him on numerous occasions regarding his

24  ────────────

25          [4]  Plaintiff alleges that defendant Brown must have known of his medical condition due to
    her position as the acting Warden of CTF-Soledad, however plaintiff's allegations are not based
26  on his personal knowledge and are, thus, inadmissible as evidence of defendant Brown's
    knowledge.

9

1   chronic lower back pain but provided him with inadequate medical care.  Plaintiff also contends

2   that defendant Rosenthal acted with deliberate indifference when he denied plaintiff's request at

3   the first level to transfer to a medical facility.  It is undisputed that defendant Rosenthal was

4   subjectively aware of plaintiff's back pain and degenerative disc disease.  Defendant Rosenthal

5   contends that he provided plaintiff with appropriate medical care and that his decision to deny

6   plaintiff's request was based on his findings that plaintiff's condition did not qualify him for a

7   transfer under the ADA.

8          The undisputed facts show that, on the dates that he examined plaintiff, defendant

9   Rosenthal prescribed various medications and orthopedic foot insert and completed various

10  forms in order to accommodate plaintiff's medical condition at CTF-Soledad.  Moreover, when

11  plaintiff continued to experience some lower back pain, defendant Rosenthal conducted an MRI

12  to determine the next course of treatment for plaintiff.  Plaintiff's evidence is insufficient to

13  demonstrate that defendant Rosenthal intentionally delayed or denied medical treatment to

14  plaintiff, or that defendant Rosenthal's decisions regarding plaintiff's medical treatment were

15  based on deliberate indifference to his back pain or degenerative disc disease.  The record further

16  shows that defendant Rosenthal denied plaintiff's transfer request based on his conclusion that

17  plaintiff's medical condition could be fully accommodated at CTF-Soledad and did not warrant

18  transfer to a medical facility.  Plaintiff provides no evidence to the contrary.  (See Rosenthal

19  Decl. ¶ 13.)

20         Plaintiff's personal disagreement with defendant Rosenthal's decisions regarding

21  his medical treatment and transfer request do not establish deliberate indifference under section

22  1983.  See Jackson, 90 F.3d at 332.  Defendant Rosenthal is, therefore entitled to summary

23  judgment on plaintiff's Eighth Amendment claim

24         4. Defendants Friedman, Grannis, and Burleson

25         Plaintiff's claims against defendants Friedman, Grannis, and Burleson are based

26  on each of these defendants' involvement in denying his transfer request appeals at the second

1  level and director level reviews.  Plaintiff specifically contends that, in denying his requests, each

2  of these defendants denied him adequate medical care and acted with deliberate indifference to

3  his medical needs.  Defendants each contend that they denied plaintiff's transfer request at the

4  second and director level reviews because his medical condition could be fully accommodated at

5  CTF-Soledad, and did not warrant a transfer under the ADA.

6          To the extent that plaintiff claim is based on a theory that defendants Friedman,

7  Grannis, and Burleson denied his transfer request appeals with the intention of delaying or

8  denying him adequate medical care, plaintiff has provided no evidence to support such a

9  contention.  To the contrary, the record demonstrates that the defendants based the appeal denials

10  on their investigative findings that plaintiff's medical condition could be fully accommodated

11  with medications, low bunk tier, and limitations on physical activity through chronos, all of

12  which were available at CTF-Soledad, and that plaintiff's treatment was scheduled to continue

13  with defendant Rosenthal.  (See Friedman Decl., ¶ 6; Declaration of N. Grannis, attached as

14  Exhibit 9 to DUF, ¶ 8, 9, 12; Burleson Decl., ¶ 6, 7, 10.)  Furthermore, to the extent that

15  plaintiff's claim is based on the theory that defendants ratified violations of his constitutional

16  rights by other employees in denying his appeals, plaintiff's claim has no merit because none of

17  plaintiff's underlying claims establish constitutional violations.

18          Plaintiff's evidence is insufficient to demonstrate that defendants Friedman,

19  Grannis, or Burleson were deliberately indifferent to his medical needs.  Defendants Friedman,

20  Grannis, and Burleson are, therefore, entitled to summary judgment on plaintiff's Eighth

21  Amendment claim.

22      B.  State Law Claims Under Cal. Const. art.1, § 17

23          Article 1, Section 17 of the California Constitution states, "Cruel or unusual

24  punishment may not be inflicted or excessive fines imposed."  This section is a state equivalent

25  to the Eighth Amendment.  (See In re Alva, 33 Cal.4th 254, 291 (2004) (stating, "We see no

26  basis to find a different meaning of 'punishment' for state purposes than would apply under the

Eighth Amendment.")  Because this court finds that all defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim, the court will make similar recommendations on this claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' February 27, 2006 motion to strike is denied;

2. Defendants' March 10, 2006 motion to strike is denied; and,

IT IS HEREBY RECOMMENDED that defendants' January 27, 2006 motion for summary judgment be granted for all defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 15, 2006.

UNITED STATES MAGISTRATE JUDGE

17
brow1330.57