IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

      Plaintiff,                        No. CIV S-04-1330 RRB EFB P

      vs.

J. BURLESON, et al.,

      Defendants.               ORDER

                                /

      On July 4, 2004, plaintiff, a prisoner without counsel, filed a complaint seeking relief from alleged civil rights violations. *See* 42 U.S.C. § 1983. He claimed that defendants were deliberately indifferent to his serious medical needs, i.e., chronic lower back pain. He asserted that (1) Brown, Acting Warden of CTF-Soledad, did not respond at all to his medical needs; (2) defendant Grewal examined plaintiff, but did nothing for his lower back pain; (3) defendant Rosenthal examined plaintiff on several occasions for chronic back pain, but did not provide adequate medical care; (4) defendants Friedman, Grannis and Burleson denied his request for a transfer to a different prison so that he could obtain adequate medical care. Defendants moved for summary judgment. On September 29, 2006, the district court adopted in full the magistrate judge's findings and recommendations in favor of granting defendants' motion and judgment

1  was entered in their favor.  On June 14, 2007, plaintiff filed a motion for relief from judgment

2  entered.

3   Federal rule 60 governs granting relief from judgment:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Plaintiff has not alleged facts demonstrating he is entitled to relief from judgment.

  Accordingly, plaintiff's June 14, 2007, motion is denied.

  So ordered.

  ENTERED this 21st day of June, 2007.

          S/RALPH R. BEISTLINE
          UNITED STATES DISTRICT JUDGE